PER CURIAM:
Denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8 ; State ex rel. Glover v. State , 93-2330 (La. 9/5/95), 660 So.2d 1189. We attach hereto and make a part hereof the district court's written reasons denying relief.
Relator has now fully litigated three applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Attachment
*502 TWENTY FOURTH JUDICIAL DISTRICT COURT PARISH OF JEFFERSON STATE OF LOUISIANA NO. 01-1422 DIVISION "A" CESAR ROCA VERSUS DARREL VANNOY, WARDEN FILED: 7-26-16 DEPUTY CLERK
ORDER
This matter comes before the court on the petitioner's APPLICATION FOR POST-CONVICTION RELIEF, STAMPED AS FILED JULY 11, 2016.
The petitioner files his second application for post-conviction relief, challenging his 2002 convictions for aggravated rape (two counts), aggravated oral sexual battery on a juvenile, and molestation of a juvenile. His convictions and sentences were upheld on direct appeal.State v. Roca, 866 So.2d 867 (La.App. 5 Cir. 1/13/04), writs denied, 877 So.2d 143 (La. 7/2/04). An earlier application for post-conviction relief and a federal writ of habeas corpus have also been denied.
The petitioner now asserts that he obtained videos or DVDs that were withheld from the defense and that these videos or DVDs contain exculpatory evidence. He contends that the records of the victims do not contain statement that the petitioner used a gun. He continues his claim by asserting, at length, that the law of aggravated rape, LSA-R.S. 14:42, requires the element of the perpetrator being armed with a dangerous weapon.
Under LSA-C.Cr.P. art. 930.8, the petitioner had two years from the date his conviction and sentence became final to file an application for post-conviction relief, unless he proves an exception to the time limitations of LSA-C.Cr.P. art. 930.8(A). The relevant exception provides as follows:
The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his prior attorneys. Further, the petitioner shall prove that he exercised diligence in attempting to discover any post-conviction claims that may exist. Diligence for the purposes of this Article is a subjective inquiry that must take into account the circumstances of the petitioner. Those circumstances shall include but are not limited to the educational background of the petitioner, the petitioner's access to formally trained inmate counsel, the financial resources of the petitioner, the age of the petitioner, the mental abilities of the petitioner, or whether the interests of justice will be served by the consideration of new evidence. New facts discovered pursuant to this exception shall be submitted to the court within two years of discovery.
LSA-C.Cr.P. art. 930.8(A)(1), emphasis added.
The petitioner does not prove or even allege when he obtained the recordings in question. He does not show any efforts by himself or counsel to obtain such recordings in the many years between conviction and the instant application for post-conviction. For this reason, he does not meet any of the exceptions for delayed filing. The court, therefore, finds petitioner's application for post-conviction relief time barred.
The court notes that, although the denial of this application is based on mandatory jurisdictional procedural grounds, the petitioner is unpersuasive on the merits as well. The bill of indictment enumerates that the crimes were charged on the basis of the victims being under twelve years of age. For this reason, the state had no obligation to prove the use of a gun or other dangerous weapon. The presence or absence of a gun is not exculpatory evidence.
*503 Under LSA-C.Cr.P. art. 928, an application may be dismissed without an answer if the application fails to allege a claim which, if established, would entitle petitioner to relief. In this case, the petitioner has not alleged a claim valid claim reviewable in accordance with LSA-C.Cr.P. art. 930.3 or 930.4. The petitioner is not entitled to relief sought.
Accordingly,
IT IS DECLARED BY THE COURT that the application for post-conviction relief be and is hereby DENIED.
Gretna, Louisiana this 26 day of July, 2016. JUDGE
PLEASE SERVE:
Defendant: Cesar Roca, # 457210, Louisiana State Prison, Angola, LA
District Attorney: Paul Connick, Thomas J. Butler, 200 Derbigny St., Gretna, LA 70053